**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MARCOS A. RIVERA,** | : | **CIVIL ACTION** |
| *Petitioner*, | : | |
| | : | |
| **v.** | : | **NO. 21-cv-4178** |
| | : | |
| **SUPERINTENDENT KEVIN J. RANSOM,** | : | |
| *et al.*, | : | |
| *Respondents*. | : | |

**MEMORANDUM**

**KENNEY, J.**                                                    **MARCH 10, 2026**

On December 22, 2025, Petitioner Marcos A. Rivera filed a *pro se* Motion 60(b) Seeking Judicial Leave by This Honorable Court to Re-Open the Above Captioned Matter on Grounds of Fraud and/or Miscarriage of Justice (the "Rule 60(b) Motion"), which the Court liberally construes as seeking reconsideration of the Court's denial of his habeas petition. *See* ECF No. 43. Respondents filed a Response to Motion for Relief from Judgment on February 5, 2026. *See* ECF No. 48. For the reasons set forth below, the Court will **DENY** Petitioner's Rule 60(b) Motion (ECF No. 43) as to the two arguments that the Court finds it can reach on the merits. The Court will **DISMISS WITHOUT PREJUDICE** the claims that are properly considered as a successive or second habeas petition. No certificate of appealability shall issue.

## I.    BACKGROUND

Petitioner is a prisoner at SCI Dallas State Penitentiary in Dallas, Pennsylvania. *See* ECF No. 39 at 1. On November 4, 2015, the Philadelphia Police Department filed two criminal complaints against Petitioner arising from his alleged sexual abuse of two juvenile victims. *See id.*; *see also Commonwealth v. Rivera*, No. 1283 EDA 2018, 2019 WL 6330588, at *1 (Pa. Super. Ct. Nov. 26, 2019). The following month, a third criminal complaint was filed against Petitioner

relating to his alleged sexual abuse of his niece, who was also a juvenile. *See* ECF No. 39 at 1. After a multi-day jury trial, on October 13, 2017, the jury found Petitioner guilty of multiple crimes against the three juveniles, including rape of a child, indecent assault of a child, corruption of a minor, and unlawful contact with a minor. *Id.* at 2. On March 19, 2018, Petitioner was sentenced to an aggregate sentence of 28 to 56 years of incarceration, followed by 21 years of reporting probation. *Id.*

On September 20, 2021, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 raising sixteen claims for relief from his state court judgment. *See* ECF No. 1; *see also* ECF No. 39 at 4. Thereafter, Petitioner's case was stayed until May 4, 2023, while he litigated his state PCRA appeal in Pennsylvania state court. *See* ECF Nos. 6, 11, 24. After the stay was lifted, on March 8, 2024, Respondents filed a response to Petitioner's habeas petition. *See* ECF No. 33. Petitioner filed a reply in support of his habeas petition on April 5, 2024. *See* ECF Nos. 34, 37.

On April 25, 2025, Magistrate Judge Carlos issued a thorough Report and Recommendation, recommending that Petitioner's habeas petition be denied without an evidentiary hearing. *See* ECF No. 39 at 17. No objections were filed in connection with the Report and Recommendation. On August 29, 2025, this Court adopted the Report and Recommendation, dismissed Petitioner's habeas petition with prejudice, and declined to issue a certificate of appealability. *See* ECF No. 40. Petitioner did not file a notice of appeal.

On December 22, 2025, Petitioner filed a Rule 60(b) Motion seeking reconsideration of the Court's denial of his habeas petition. *See* ECF No. 43. Respondents filed a Response to his Rule 60(b) Motion on February 5, 2026. *See* ECF No. 48. Petitioner's Rule 60(b) Motion is now before this Court.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 60(b), a court may provide relief to a party "from a final judgment, order, or proceeding" for certain enumerated reasons, such as "mistake, inadvertence, surprise, or excusable neglect," or for "newly discovered evidence." Fed. R. Civ. P. 60(b)(1)–(2). Rule 60(b) motions must be filed "within a reasonable time" and no more than one "year after the entry of the judgment or order" if they are based on mistake, newly discovered evidence, or fraud. Fed. R. Civ. P. 60(c)(1). "A Rule 60(b) motion may be used in federal habeas corpus proceedings unless it is inconsistent with applicable federal statutory provisions and rules, namely those detailed in" the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Taylor v. Comm'r of Pa. Dep't of Corrs.*, 150 F.4th 188, 192 (3d Cir. 2025) (internal quotations and citation omitted).

In federal habeas proceedings, a Rule 60(b) motion that "seeks vindication" of a "claim" is considered a successive or second habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531–32 (2005). For example, this may occur when a Rule 60(b) motion "present[s] new claims for relief from a state court's judgment of conviction," "present[s] new evidence in support of a claim already litigated," "add[s] a new ground for relief," or "attacks the federal court's previous resolution of a claim on the merits." *Id.* (emphasis omitted); *see also Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 441 (3d Cir. 2021) ("*Gonzalez* restricts a petitioner from filing a 'second or successive' habeas petition disguised as [a] Rule 60(b) motion in order to bypass AEDPA's gatekeeping mechanism."). District courts lack jurisdiction to evaluate the merits of a successive or second habeas petition in the absence of an order from an appellate court specifically authorizing the filing of such a petition. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (per curiam); *see also Parham v. Klem*, 496 F. App'x 181, 184 (3d Cir. 2012). If a habeas petitioner files a

3

successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

By contrast, a proper Rule 60(b) motion "attacks[] not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings." *Gonzalez*, 545 U.S. at 532. In the event that a petitioner raises an argument attacking the procedural aspects of a federal habeas proceeding, the petitioner is not presenting a "claim," so "there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application." *Id.* at 533. In those instances, a district court has jurisdiction to reach the merits of a petitioner's arguments. *See, e.g.*, *Pridgen v. Shannon*, 380 F.3d 721, 727–28 (3d Cir. 2004) (holding that a district court "properly exercised jurisdiction" over part of a Rule 60(b) motion where the movant's argument constituted "an attack on the habeas proceeding" and not the "underlying state conviction"); *Taylor*, 150 F.4th at 193 (finding that the district court did not err in considering the merits of the "portion of the [Rule 60(b)] motion challeng[ing] the integrity of the federal court's habeas proceeding itself").

## III.   **DISCUSSION**

Petitioner's Rule 60(b) Motion is timely because he filed it within one year of the Court's August 29, 2025 Order dismissing his habeas petition.[1] *See* Fed. R. Civ. P. 60(c)(1); *see also* ECF No. 40. However, the Court must determine which arguments, if any, can be properly

---

[1] Petitioner filed his Rule 60(b) Motion more than 28 days after the Court's judgment dismissing his habeas petition, so the exception permitting a court to reach arguments that might otherwise be considered as a successive habeas petition does not apply here. *See Ross v. Adm'r E. Jersey State Prison*, 118 F.4th 553, 563 (3d Cir. 2024) ("[A] Rule 60(b) motion filed within 28 days of the underlying judgment does not constitute a second or successive habeas application for purposes of AEDPA's bar.").

decided on the merits because this is a federal habeas proceeding for which AEDPA's gatekeeping restrictions apply. The Court thus begins there.

### A. Two of Petitioner's Arguments Can Be Evaluated on the Merits

Parts of Petitioner's Rule 60(b) Motion can be construed as raising a challenge to "the integrity of the federal court's habeas proceeding itself." *Taylor*, 150 F.4th at 193; *Gonzalez*, 545 U.S. at 532. The Court has jurisdiction to address those arguments within Petitioner's Rule 60(b) Motion.

First, Petitioner argues that his federal habeas proceeding was deficient because his habeas petition was dismissed "without a hearing on the record." ECF No. 43 at 3; *see also id.* at 9. As explained in the Report and Recommendation, which this Court adopted, an evidentiary hearing was not necessary in connection with Petitioner's habeas petition because many of his claims were undeveloped and unsupported by facts. *See* ECF No. 39 at 5. The Third Circuit routinely finds that "nonspecific or conclusory allegations . . . do not compel district courts to convene evidentiary hearings to delve into the unelaborated factual basis of a habeas petition." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010) (citations omitted); *see also Shinn v. Ramirez*, 596 U.S. 366, 371, 381–82, 389–91 (2022) (addressing the narrow circumstances under which district courts hold evidentiary hearings in federal habeas proceedings). The Court thus did not need to order that an evidentiary hearing be held prior to dismissing Petitioner's habeas petition.

Second, Petitioner faults the Court for not appointing counsel for him or "even propos[ing] the idea of appointing counsel." ECF No. 43 at 9. He further argues that in failing to appoint counsel, he was deprived "from obtaining access to a federal investigator" whom he submits "would have found evidence demonstrating [his] innocence." *Id.* at 10. As an initial matter, it is well-settled that there is no constitutional right to counsel in federal habeas proceedings, nor does Petitioner point to any authority indicating a right to have a federal investigator examine his claims.

*See Turner v. Dragovich*, 163 F. App'x 97, 99 (3d Cir. 2006) ("Appointment of counsel in a habeas proceeding is not constitutionally mandated"); *see also Johnson v. Avery*, 393 U.S. 483, 488 (1969) ("It has not been held that there is any general obligation of the courts, state or federal, to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief."); *Wainwright v. Torna*, 455 U.S. 586, 587 (1982) (per curiam); *Ross v. Moffitt*, 417 U.S. 600, 619 (1974); *Reese v. Fulcomer*, 946 F.2d 247, 263 (3d Cir. 1991), *superseded on other grounds by statute*, 28 U.S.C. § 2254(d).  Moreover, regarding Petitioner's argument that the Court did not "propose[] the idea of appointing counsel," ECF No. 43 at 9, as reflected in the *Pro Se* Guidelines that were provided to Petitioner, it is not the district court's role to provide litigants with legal advice.  *See* ECF No. 2 at 4 ("District Judges, Magistrate Judges . . . and other Court staff cannot provide you with legal advice, meaning they cannot tell you what type of motion to file or advise you on other legal issues.").  Had Petitioner moved for the appointment of counsel, the Court would have taken that motion under advisement, but Petitioner did not do so.

Moreover, while a district court can exercise its discretion to appoint counsel for a habeas petitioner, *see* 28 U.S.C. § 2254(h), a court is not obligated to do so.  Before a district court will appoint counsel, it "must consider as a threshold matter the merits of the [petitioner's] claim." *Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993).  Here, Petitioner's claims one through ten, twelve, and fourteen were fatally undeveloped, *see* ECF No. 39 at 5–8; claim sixteen was non-cognizable, *see id.* at 9; and claims eleven, thirteen, and fifteen were reasonably resolved by the state court, *see id.* at 10–16.  Petitioner thus did not make "a threshold showing" that his claims had "arguable merit in fact and law."  *Mayer v. Corbett*, 186 F. App'x 262, 264 (3d Cir. 2006) (per curiam); *see also Robinson v. Clark*, No. 18-cv-5384, 2020 WL 13815037, at *1 n.1 (E.D. Pa. Sept. 25, 2020).  Furthermore, this was not a case in which "the interests of justice so require[d]" the appointment

6

of counsel.  *See* 18 U.S.C. § 3006A(a)(2)(B).

Accordingly, the Court will deny Petitioner's Rule 60(b) Motion on the merits as to the two arguments that he raised related to the integrity of his federal habeas proceeding.

### B.   The Rest of Petitioner's Rule 60(B) Motion Should Be Construed as a Successive Habeas Petition

Despite styling this motion as a Rule 60(b) Motion, the majority of the claims that Petitioner raised are properly considered as a successive habeas petition, so the Court cannot assess them on the merits in the absence of an order from the Third Circuit authorizing the filing of these claims.  *See Gonzalez*, 545 U.S. at 531–32; *Burton*, 549 U.S. at 157.

Petitioner relitigates and seeks vindication of many of the claims that he made in his habeas petition, which the Court previously rejected.  For example, Petitioner relitigates his claims for ineffective assistance of counsel, arguing that he was deprived of "effective legal representation" because his court-appointed attorney did not "conduct[] any pre-trial investigation," file any "significant pre-trial motion," ask two of his older children to participate in his trial, or use his alibi evidence.  ECF No. 43 at 2–3, 5; *see also id.* at 7 (contending that his trial counsel "provided no defense it [sic] all"); *id.* at 8 (arguing that his counsel "misused the afforded [jury] strikes").  But the Court already dismissed his claims for ineffective assistance of counsel, finding that they were largely "devoid of any supporting details," *see* ECF No. 39 at 6, so Petitioner's attempt to "present new claims" and "evidence in support of a claim [he has] already litigated," is properly characterized as a successive habeas petition.  *Gonzalez*, 545 U.S. at 531; *see also* ECF No. 1 at 7, 8, 11, 12 (raising ineffective assistance of counsel claims).

Likewise, Petitioner relitigates his arguments that he was improperly shackled in front of the jury during his trial and that the trial court committed error by not ordering a mistrial.  *See* ECF No. 43 at 8; *see also* ECF No. 1 at 9, 12.  The Court already addressed this argument when

7

it denied his habeas petition and found that the state court had reasonably rejected it.  *See* ECF No. 39 at 11–15.  Moreover, Petitioner again contests the sufficiency of the evidence supporting his conviction, *see* ECF No. 43 at 2, and reasserts that the "state's evidence was fabricated" and that there was "no physical evidence" upon which to convict him.  *Id.* at 3; *see also id.* at 5, 9–10.  But this argument, too, was addressed and dismissed by the Court, *see* ECF No. 39 at 5–6 (finding that claim eight was fatally undeveloped).  Petitioner also adds claims for prosecutorial misconduct and malicious prosecution, and reasserts his actual innocence argument.  *See* ECF No. 43 at 2, 5, 7–8; *see also* ECF No. 1 at 8–9 (raising actual innocence and selective prosecution); ECF No. 39 at 7 n.11 (rejecting Petitioner's selective prosecution claim).  The Court cannot reach these arguments on the merits either because, in effect, Petitioner seeks to attack his underlying conviction, not his habeas proceeding.

Petitioner further attempts to raise "'recently disclosed' material" in the form of new affidavits that purportedly speak to his character.  ECF No. 43 at 4.  He alleges that these affidavits "could have change[d] the outcome" of his trial, *see id.*, but failed to attach them to his Rule 60(b) Motion.  In any event, by means of his purported reliance on new affidavits, Petitioner similarly "add[s] a new ground for relief" to his petition and "present[s] new evidence in support of" claims he has already litigated, so the Court cannot properly consider them, even if they had been made a part of the record.  *Gonzalez*, 545 U.S. at 531–32.

Since the Third Circuit has not authorized Petitioner to file a successive habeas petition presenting these types of claims, this Court must either dismiss them or transfer them to the Third Circuit pursuant to 28 U.S.C. § 1631.  *Robinson*, 313 F.3d at 139.  In deciding whether to transfer them, the Court considers whether Petitioner alleged sufficient facts to bring his claims within the gatekeeping requirement of the relevant habeas provision permitting successive

habeas petitions.  *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (per curiam); *see also Ruiz v. Superintendent of SCI Forest*, No. 25-cv-499, 2025 WL 2312105, at *6–7 (M.D. Pa. Aug. 11, 2025); *Clark v. Wetzel*, No. 10-cv-3164, 2023 WL 6216528, at *13 (E.D. Pa. Sept. 25, 2023).  Under 28 U.S.C. § 2244(b)(2), claims presented in successive habeas petitions under Section 2254 are dismissed unless (1) "the applicant shows that the claim relies on a new rule of constitutional law, made retroactive[;]" or (2) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence;" and "the facts underlying the claim . . . would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."  28 U.S.C. § 2244(b)(2).

Here, it is not "in the interest of justice" to transfer Petitioner's claims to the Third Circuit for a determination as to whether he may file a successive habeas petition, given that the majority of his claims have already been addressed or otherwise primarily consist of conclusory assertions.  *See* 28 U.S.C. § 1631; *see also Roach v. Wetzel*, No. 13-cv-3573, 2014 WL 3408557, at *3 (E.D. Pa. July 14, 2014) ("[T]here is no reason to raise false hopes and waste judicial resources by transferring a case that is clearly doomed." (quoting *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999))).  Nor does Petitioner appear to base his Rule 60(b) Motion on "a new rule of constitutional law, made retroactive" that may need to be addressed.  28 U.S.C. § 2244(b)(2)(A); *see also Hatches*, 381 F. App'x at 137 (affirming a district court's decision not to transfer a successive habeas petition where it was not based on "a new rule of constitutional law"); *Ruiz*, 2025 WL 2312105, at *7.  While Petitioner raises claims of actual innocence, he has not adequately alleged that the "factual predicate" for his claims "could not have been discovered previously through the exercise of due diligence."  28 U.S.C. § 2244(b)(2)(B); *see also Rambert*

9

*v. Stock*, No. 20-cv-3604, 2020 WL 5518609, at *4 (E.D. Pa. Sept. 14, 2020). Therefore, the Court will dismiss without prejudice the claims that Petitioner raises in his Rule 60(b) Motion that are properly considered as a successive habeas petition without opining on the merits of those claims or transferring them to the Third Circuit.

### C. A Certificate of Appealability Is Denied

Finally, the Court must determine whether to grant Petitioner a certificate of appealability. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C. § 2253(c)(1)(A). A certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). A petitioner can satisfy this standard by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, Petitioner has not made such a showing, and reasonable jurists would not disagree with the Court's resolution of Petitioner's Rule 60(b) Motion. Therefore, the Court declines to issue a certificate of appealability.

## IV.    CONCLUSION

For the foregoing reasons, the Court will deny Petitioner's Rule 60(b) Motion (ECF No. 43). The Court will also dismiss without prejudice the claims that are properly considered as a successive or second habeas petition, rather than transferring them to the Third Circuit. Finally, the Court declines to issue a certificate of appealability. An appropriate Order will follow.

**BY THE COURT:**

**/s/ Chad F. Kenney**

**CHAD F. KENNEY, JUDGE**